No. 23-1810

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

KYTCH, INC.

*Plaintiff-Appellant,*

v.

TAYLOR COMMERCIAL FOODSERVICE, LLC DBA TAYLOR COMPANY

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Delaware
(Case No. 1:22-cv-00606-MN)

## PLAINTIFF-APPELLANT KYTCH, INC.'S OPPOSITION TO
## DEFENDANT-APPELLEE TAYLOR COMMERCIAL FOODSERVICE,
## LLC'S MOTION TO DISMISS

DANIEL P. WATKINS
MARK THOMSON
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Daniel.Watkins@mwpp.com
Mark.Thomson@mwpp.com

*Attorneys for Plaintiff-Appellant
Kytch, Inc.*

December 4, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................1

FACTUAL BACKGROUND ...............................................................3

I.     Kytch sues Taylor in California state court. ...................................3

II.    Kytch files this action, but the district court abstains. ....................4

ARGUMENT ..................................................................................5

I.     Section 2105 doesn't apply to this appeal because the district court's dismissal order involves jurisdiction..............................................5

    A.     The district court's abstention "involve[s] jurisdiction." ...................6

    B.     It doesn't matter that the district court's ruling was not "*based* on the court's jurisdiction." .......................................................8

    C.     "Involve jurisdiction" does not mean "on plea to the jurisdiction of the court." ......................................................................8

    D.     The caselaw Taylor relies on is all materially distinguishable. ..........11

    E.     Interpreting "involve jurisdiction" to encompass abstention decisions respects the text and role of Section 2105. .........................13

    F.     Taylor's construction of Section 2105 would render *ultra vires* thousands of decisions by this Court, the Supreme Court, and other federal courts of appeals. ..................................................14

    G.     Taylor's reading of Section 2105 is a license to lawlessness. ............15

II.    This Court's *Coastal Steel* decision forecloses Taylor's motion. .................16

CONCLUSION ..............................................................................21

CERTIFICATE OF COMPLIANCE ....................................................22

i

CERTIFICATE OF SERVICE.................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna State Bank v. Altheimer*,
   430 F.2d 750 (7th Cir. 1970) .................................................................7, 14

*Allegheny Cty. v. Frank Mashuda Co.*,
   360 U.S. 185 (1959) .........................................................................6

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995) ........................................................................10

*Ankenbrandt v. Richards*,
   504 U.S. 689 (1992) .........................................................................6

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) .........................................................................9

*Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*,
   291 F.3d 1000 (7th Cir. 2002) .............................................................10

*Bridge v. Fogelson*,
   681 F. App'x 137 (3d Cir. 2017)..........................................................6

*Burford v. Sun Oil Co.*,
   319 U.S. 315 (1943) ........................................................................14

*Burns v. Alcala*,
   420 U.S. 575 (1975) ........................................................................11

*Chasser v. Achille Lauro Lines*,
   844 F.2d 50 (2d Cir. 1988) ................................................................14

*Coastal Steel v. Tilghman Wheelabrator Ltd.*,
   709 F.2d 190 (3d Cir. 1983) .....................................1, 2, 5, 14, 16, 17, 18, 19, 20

*Colorado River Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ......................................................4, 7, 12, 14, 15

*Green v. Underwood*,
    86 F. 427 (8th Cir. 1898) ....................................................................12

*Hyman v. City of Gastonia*,
    466 F.3d 284 (4th Cir. 2006) ........................................................12, 13

*In re McDonald*,
    205 F.3d 606 (3d. Cir. 2000) ..............................................................17

*Mariana v. Fisher*,
    338 F.3d 189 (3d Cir. 2003) ................................................................16

*Marinette Sawmill Co. v. Scofield*,
    174 F. 562 (7th Cir. 1909) ..................................................................12

*McHie v. McHie*,
    78 F.2d 351 (7th Cir. 1935) ................................................................12

*Moor v. Cty. of Alameda*,
    411 U.S. 693 (1973) ..............................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ................................................................................15

*Nascone v. Spudnuts, Inc.*,
    735 F.2d 763 (3d Cir. 1984) ...........................................2, 18, 19, 20

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
    571 F.3d 299 (3d Cir. 2009) ..............................................................15

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ............................................................................14

*Piquignot v. Pa. R.R. Co.*,
    57 U.S. 104 (1853) ..............................................................................11

*Ryan v. Johnson*,
    115 F.3d 193 (3d Cir. 1997) ..........................................................6, 15

*Rycoline Prods., Inc. v. C & W Unlimited*,
    109 F.3d 883 (3d Cir. 1997) ..............................................................15

*Snyder v. Buck*,
    340 U.S. 15 (1950) ........................................................................9, 11

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................................8

*Stephens v. Monongahela Nat'l Bank*,
    111 U.S. 197 (1884) ........................................................................11

*Teixeira v. Goodyear Tire & Rubber Co.*,
    261 F.2d 153 (1st Cir. 1958) ..........................................................12

*United States v. Alcon Labs.*,
    636 F.2d 876 (1st Cir. 1981) .......................................................1, 14

*United States v. Wells*,
    519 U.S. 482 (1997) ...................................................................10, 11

*United States v. Wiltberger*,
    18 U.S. 76 (1820) ...........................................................................11

*Williams v. Murdoch*,
    350 F.2d 840 (3d Cir. 1965) .............................................................6

*Younger v. Harris*,
    401 U.S. 37 (1971) .........................................................................14

**Statutes**

18 U.S.C. § 1014 ...................................................................................10

28 U.S.C. § 1291 ...........................................................................1, 2, 15

28 U.S.C. § 2105 ......................................1, 2, 4, 5, 8, 10, 12, 13, 14, 15, 16, 19, 20

28 U.S.C. § 879 ......................................................................................9

**Other Authorities**

2 Fed. Proc., L. Ed. § 3:129 (Nov. 2023) ..............................................7

3d Cir. Internal Operating P. 9.1 (2023) ...............................................16

*Abstention*, Black's Law Dictionary (11th ed. 2019)...............................6

*Jurisdictional plea*, Black's Law Dictionary (11th ed. 2019)................................10

Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3903 (3d ed.) ...........................15

## **INTRODUCTION**

The district court below deferred to a parallel state-court proceeding and abstained from exercising jurisdiction over Kytch's federal Lanham Act claim. This ruling is appealable as a final order under 28 U.S.C. § 1291. Indeed, every federal court of appeals regularly entertains similar appeals of such rulings. Nevertheless, in seeking dismissal of Kytch's appeal, Taylor invokes 28 U.S.C. § 2105, which states that "[t]here shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction."

According to Taylor, Section 2105—described by courts as "an old, obscure statute"[1] that "has never been interpreted as a significant limitation on federal appellate jurisdiction"[2]—applies here because the district court's order depriving Kytch of a federal forum was a ruling on a matter in abatement; namely, Taylor's request that the federal case be dismissed due to the related state-court proceeding. Regardless of whether the district court's decision can be labeled as one relating to "abatement," Section 2105 doesn't deprive this Court of jurisdiction to review that decision, for two reasons.

---

[1] *Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 212 (3d Cir. 1983) (Rosenn, J., concurring).

[2] *United States v. Alcon Labs.*, 636 F.2d 876, 885 n.2 (1st Cir. 1981).

*First*, Section 2105's plain language confirms that the statute doesn't bar Kytch's appeal.  Section 2105 bars appellate review of trial court rulings on matters of abatement that "do not involve jurisdiction."  But the district court's decision here *does* involve jurisdiction.  The district court abstained from exercising federal jurisdiction over Kytch's federal law Lanham Act claim because of a pending proceeding in California state court.  By definition, that decision involves jurisdiction—specifically, declining federal jurisdiction and ceding jurisdiction to the California court.  That's exactly why this Court has invariably held that a district court's abstention-based dismissal of an action in favor of an existing state proceeding *is* appealable under 28 U.S.C. § 1291.

*Second*, even if Section 2105 encompassed appeals from abstention rulings, binding Circuit precedent confirms that Section 2105 bars reversal *only* in the context of an appeal from a final judgment *after a trial on the merits*.  *Coastal Steel*, 709 F.2d at 196.  Taylor's brief tries recasting *Coastal Steel's* analysis as dictum, but the majority's reasoning about the scope and application of Section 2105 was integral to the court's ruling, as this Court subsequently confirmed in *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 771 (3d Cir. 1984).  *Coastal Steel's* holding that Section 2105 applies only in the context of post-trial appeals is the law of the Circuit and binds this panel.  For that reason, too, Section 2105 provides no basis for dismissing Kytch's appeal.

2

# FACTUAL BACKGROUND

## I.     Kytch sues Taylor in California state court.

Kytch invented a device to fix McDonald's notoriously unreliable soft-serve ice cream machines, which Taylor manufactures.  (Compl. ¶¶ 2-3, 6-7 [D. Ct. Dkt. 1].)  Kytch was an overnight sensation.  (*Id*. ¶ 37.)  Within months of launching, it became the largest independent connectivity software vendor for McDonald's soft-serve machines, and was endorsed by the largest association of independent McDonald's franchisees.  (*Id*. ¶¶ 37-38, 137-38, 184-86.)  A few weeks after that endorsement, Taylor and McDonald's launched a false advertising blitz to destroy Kytch, falsely claiming that the "Kytch device creates a potential very serious safety risk" and "can cause serious human injury."  (*Id*. ¶¶ 25-26, 205-07, 252-53.)

In May 2021, Kytch sued Taylor (and others) in Alameda County, California (the "California Action"), asserting a bevy of state-law claims.  (Compl., *Kytch v. Gamble*, No. RG21099155 (Cal. Sup. Ct. May 10, 2021).)  In that action, Taylor and McDonald's represented that they never possessed or "tested the Kytch Solution," meaning their statements about Kytch in the ads were necessarily fabricated.  (*Id*. ¶¶ 22.)  These admissions gave rise to a federal Lanham Act claim, but Kytch had to choose between bringing that claim in the California Action—which Taylor could then remove, causing immense delay given that the California Action was already at an advanced stage—or bringing it in federal court in Delaware, Taylor's home state.

## II.     Kytch files this action, but the district court abstains.

In May 2022, Kytch filed this action in the District of Delaware asserting a Lanham Act claim against Taylor.  Taylor moved to dismiss Kytch's claim or stay proceedings until the state-court action concluded.  (D. Ct. Dkt. 7 at 3.)  Taylor argued that, by filing the second lawsuit in federal court, Kytch impermissibly split its claims.  (*Id.* at 7-13.)  Kytch opposed the motion, arguing that the court lacked power to abstain in favor of the California Action because the criteria for *Colorado River* abstention weren't met.  (D. Ct. Dkt. 10 at 3, 8-12.)  The rule against claim-splitting, Kytch emphasized, doesn't apply when, as here, the parallel proceeding is in state, rather than federal, court.  (*Id.* at 6-8.)

The district court rejected Kytch's abstention argument and dismissed Kytch's complaint without prejudice to Kytch's refiling its Lanham Act claim as part of the California Action.  (SA59-SA66 (*Kytch, Inc. v. McDonald's Corp.* Hr'g Tr.) [COA Dkt. 22].)  Applying the more relaxed standard for claim-splitting, instead of the stringent requirements for abstention under *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), the district court held that dismissal was warranted because this action and the California Action were parallel.  (*Id.*)

After Kytch appealed, Taylor moved to dismiss, arguing that this Court lacks jurisdiction to hear this appeal based on 28 U.S.C. § 2105.  (*See generally* Taylor's Mot. to Dismiss [COA Dkt. 22] ("Mot.").)  That section states that a circuit court

may not reverse a district court "for error in ruling upon matters in abatement which do not involve jurisdiction." (Mot. at 7, 9-14.)  According to Taylor, Section 2105 bars this appeal because the district court's decision to decline federal jurisdiction over Kytch's claim is a "matter[] in abatement" that doesn't "involve jurisdiction." (*Id.*)

## **ARGUMENT**

Taylor's motion should be denied because: (1) the decision to abstain from exercising jurisdiction is, definitionally, a matter "involv[ing] jurisdiction," and therefore justiciable under Section 2105; and (2) this Court's *Coastal Steel* precedent holds that appeals like this one are justiciable, notwithstanding Section 2105.

## I.    **Section 2105 doesn't apply to this appeal because the district court's dismissal order involves jurisdiction.**

Section 2105 only bars appellate review of district court rulings that "***do not involve jurisdiction***."[3]  Because the district court's abstention ruling involved jurisdiction, Section 2105 doesn't bar review of this appeal.

Taylor's counterarguments are at odds with the statute's text, Supreme Court and Third Circuit precedent, and common sense.  They cannot override the plain language of Section 2105 and its carve-out for matters "involv[ing] jurisdiction."

---

[3] Emphasis added unless otherwise specified.

### A.    The district court's abstention "involve[s] jurisdiction."

The district court declined to exercise jurisdiction over Kytch's claim, and instead deferred to the state court.  In other words, it abstained.  And abstention inherently involves jurisdiction.

Abstention is a federal court's "relinquishment of jurisdiction" in deference to a state court.  *Abstention*, Black's Law Dictionary (11th ed. 2019).  It's about "declin[ing] to exercise or postpon[ing] the exercise of jurisdiction"; about "surrender[ing] jurisdiction of a federal suit to a state court."  *See Allegheny Cty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996); *Ankenbrandt v. Richards*, 504 U.S. 689, 691 (1992).  This Court has likewise emphasized the inescapable link between abstention and jurisdiction, explaining that abstention "necessarily involves the discretion to postpone or to decline the exercise of jurisdiction by the United States district court," and concerns the circumstances that "can suffice to justify the surrender of jurisdiction."  *See Williams v. Murdoch*, 350 F.2d 840, 842 (3d Cir. 1965); *Ryan v. Johnson*, 115 F.3d 193, 199 (3d Cir. 1997); *Bridge v. Fogelson*, 681 F. App'x 137, 138 (3d Cir. 2017).

The parties' competing arguments to the district court confirm that abstention decisions are all about jurisdiction.  In support of its motion, for instance, Taylor emphasized caselaw that it claimed showed that the district court was obligated to

decline jurisdiction in favor of the California proceeding. (SA13-14.) In opposition, Kytch emphasized federal courts' "virtually unflagging" obligation to exercise the jurisdiction given them by Congress, meaning the district court could only cede jurisdiction under the narrow circumstances authorized by *Colorado River*. (SA9.) The arguments surrounding Taylor's motion to dismiss were suffused with questions of jurisdiction—the propriety of surrendering it versus the necessity of exercising it. It blinks reality to say that the district court's resolution of those questions did not "involve jurisdiction."

Succinctly put: "A court of appeals may review an order on a motion 'for abatement and dismissal' alleging that the rights of the parties can be fully determined in state court since such a motion is in reality a motion requesting that the district court abstain from exercising jurisdiction." 2 Fed. Proc., L. Ed. § 3:129 (Nov. 2023) ("Review of matters in abatement"); *see also Aetna State Bank v. Altheimer*, 430 F.2d 750, 753 (7th Cir. 1970) (Section 2105 didn't bar review of abstention decision because "what the district court was in effect doing was determining as a discretionary matter that he was abstaining from the exercise of jurisdiction"). That's precisely this case. Because the district court's abstention decision "involve[d] jurisdiction," it is reviewable on appeal.

### B.  It doesn't matter that the district court's ruling was not "***based*** on the court's jurisdiction."

Taylor's motion offers scant arguments for minimizing Section 2105's carveout for rulings that "involve jurisdiction."  None withstand scrutiny.  For instance, Taylor contends that the district court's ruling wasn't "***based*** on the court's jurisdiction," because while the district court had subject matter jurisdiction over Kytch's Lanham Act claim, it simply chose to "not exercise that jurisdiction" and to instead dismiss the action based on claim-splitting.  (Mot. at 3, 18.)  But the statutory inquiry doesn't rest on whether the court "based" its ruling on jurisdictional grounds; it rests on whether the district court's ruling "involve[s] jurisdiction."  *See* 28 U.S.C. § 2105.  And besides, a district court's choice not to exercise jurisdiction available to it is quintessentially "jurisdictional."  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (describing *Moor v. Cty. of Alameda*, 411 U.S. 693 (1973)).

### C.  "Involve jurisdiction" does not mean "on plea to the jurisdiction of the court."

Taylor elsewhere suggests that a ruling only "involve[s] jurisdiction" if it concerns the existence of subject matter jurisdiction or personal jurisdiction.  (Mot. at 18.)  The U.S. Supreme Court's most recent (and only) pronouncement on the meaning of Section 2105's "involve jurisdiction" language rejected Taylor's interpretation.

In *Snyder v. Buck*, 340 U.S. 15 (1950), the Court considered whether the absence of a necessary party and the fact that the plaintiff was time-barred from substituting a new party were matters that "involve[d] jurisdiction" for purposes of Section 2105. Although neither matter impacted the court's subject-matter jurisdiction or its jurisdiction over the litigants, the Court readily concluded that decisions on those matters "go to jurisdiction" under Section 2105, such that Section 2105 did not bar appellate review. *Id.* at 22.

*Snyder*'s discussion of Section 2105 neatly illustrates that the carveout for rulings that "involve jurisdiction" does not just apply to those concerning subject-matter or personal jurisdiction. And while *Snyder*'s reading might fit uneasily with modern efforts to rein in the meaning of "jurisdiction," its seemingly broader conception of what constitutes a ruling "involv[ing] jurisdiction" is wholly in keeping with the expansive use of the term that was commonplace in the law when Section 2105 was enacted. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006).

*Snyder* isn't just binding precedent; its holding makes good sense. Had Congress intended to limit appellate review of rulings on matters in abatement only to those concerning dismissal for lack of subject-matter or personal jurisdiction, it could readily have said so, as it did in the predecessor to Section 2105. That version—formerly codified at 28 U.S.C. § 879 (1946)—forbade appellate review of rulings on "any plea in abatement other than a plea to the jurisdiction of the court."

Pleas to the jurisdiction of the court, in turn, are typically limited to asserting the lack of personal or subject-matter jurisdiction.  *See Jurisdictional plea*, Black's Law Dictionary (11th ed. 2019).

When Congress enacted the current version of Section 2105, however, it used language that's materially different from the predecessor statute—language that doesn't allow such a hyper-technical and narrow construction.  *See, e.g.*, *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995) ("we conclude that the word 'involving' is broad"); *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*, 291 F.3d 1000, 1020 (7th Cir. 2002) (noting that the use of "involve" to define a statute's scope rendered it almost troublingly broad).  That new and more extensive exception, rather than its cramped forebearer, is now the law.

To that end, it doesn't matter that the Reviser's Notes to Section 2105 describe the modified language as a change in "phraseology."  (*See* Mot. 9-10.) Phraseology—*i.e.*, language—matters.  That's the import of the Supreme Court's decision in *United States v. Wells*, 519 U.S. 482, 497 (1997), a case involving the interpretation 18 U.S.C. § 1014, another Code section that was consolidated as part of the same effort that produced Section 2105.  In compiling Section 1014, the Revisers made a note explaining that—apart from a few irrelevant changes—the revised section "was without change of substance" from the previous versions of the statute.  *Wells*, 519 U.S. at 496-97.  The *Wells* Court emphatically refused to credit

the note, admonishing that "[t]hose who write revisers' notes have proven fallible before," and that, whatever the revisers thought they were accomplishing, they had in actuality effectuated a (serious) substantive change in the underlying law. *Id.* at 497. The language of the revised statute itself was determinative, not the Revisers' stated intentions. *Id.* Just so here.

Two centuries ago, Chief Justice Marshall observed: "The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words … in search of an intention which the words themselves did not suggest." *United States v. Wiltberger*, 18 U.S. 76, 96 (1820). Absent "persuasive reasons to the contrary," the words "involve jurisdiction" must be "given their ordinary meaning." *See Burns v. Alcala*, 420 U.S. 575, 580-81 (1975). Notwithstanding Taylor's efforts to import the old, abrogated language into the current statute, it's the expansive, new language that controls. And, as *Snyder* shows, that new language isn't limited to assertions that a court lacks personal or subject-matter jurisdiction.

**D.    The caselaw Taylor relies on is all materially distinguishable.**

The capaciousness of the language in the latest version of Section 2105 may explain why Taylor relies almost exclusively on precedents pre-dating its enactment. The decisions in *Piquignot v. Pennsylvania Railroad Co.*, 57 U.S. 104 (1853) and *Stephens v. Monongahela National Bank*, 111 U.S. 197 (1884), for example, both antedate the twentieth century, and so neither concerned the version of the statute

with the "involve jurisdiction" language at issue here, which wasn't enacted until 1948. That's true for most of the other decisions on which Taylor relies for interpreting Section 2105, too. *See Green v. Underwood*, 86 F. 427 (8th Cir. 1898); *Marinette Sawmill Co. v. Scofield*, 174 F. 562 (7th Cir. 1909); *McHie v. McHie*, 78 F.2d 351 (7th Cir. 1935).

The only cases Taylor relies on that apply the current version of Section 2105 are *Teixeira v. Goodyear Tire & Rubber Co.*, 261 F.2d 153, 154 (1st Cir. 1958), and *Hyman v. City of Gastonia*, 466 F.3d 284 (4th Cir. 2006). (*See* Mot. at 16.) Both are distinguishable because they involved dismissal based on the pendency of another *federal-court*—not state-court—action. *See Teixeira*, 261 F.2d at 154; *Hyman*, 466 F.3d at 286. That Section 2105's bar on appellate review can cover such dismissals makes sense because they don't "involve jurisdiction" the way a dismissal based on a pending state-court proceeding (abstention) does. While the latter entirely withholds federal jurisdiction, the former does not; it merely directs the plaintiff to have its claim heard in a different, coordinate federal court.

*Colorado River* makes the point express: When federal courts exercise concurrent jurisdiction over a matter, "the general principle is to avoid duplicative litigation," whereas, for concurrent federal-state jurisdiction, "the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" 424 U.S. at 817. "This difference

in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id*. Because cases like *Teixeira* and *Hyman* involved wholly federal concurrent jurisdiction, there was no risk of federal courts abdicating their duty to exercise the jurisdiction given them, which is why the rulings in those cases were properly regarded as not "involv[ing] jurisdiction."

### E.   Interpreting "involve jurisdiction" to encompass abstention decisions respects the text and role of Section 2105.

In *Hyman*, the Fourth Circuit suggested that adopting a broader definition of "involve jurisdiction" might cause "the statute's exception [to] swallow [] the entire rule' because 'all matters of abatement … involve the same basic question whether the court should presently exercise its jurisdiction." 466 F.3d at 289. But acknowledging that abstention is a ruling "involv[ing] jurisdiction" will emphatically not "swallow the entire rule."

On the contrary, it leaves plenty for Section 2105 to accomplish, since there are countless matters in abatement that don't "involve jurisdiction" in anything resembling the way abstention does. They include the failure to join a necessary party; lack of capacity; failure to pay a filing fee; failure to exhaust administrative remedies; improper venue; misnomer; and deferral to a pending federal-court action. Of those well-established grounds for abatement, none concerns accepting, declining, or ceding the power to adjudicate an action to a foreign court, and so none

13

"involve[s] jurisdiction" the way abstention does.  Consequently, Section 2105 can render rulings on those sorts of motions unreviewable, even as it allows review of abstention rulings.  There is thus no risk that giving "involve jurisdiction" its natural meaning will "swallow" Section 2105.

**F.  Taylor's construction of Section 2105 would render *ultra vires* thousands of decisions by this Court, the Supreme Court, and other federal courts of appeals.**

Adopting the plain meaning of "involve jurisdiction" is also the only way to square Section 2105 with modern caselaw, which ascribes to it a far narrower reading than does Taylor.  Some of that caselaw directly addresses Section 2105, and most of it expressly refuses to adopt a reading nearly as broad as the one Taylor urges.  *E.g.*, *Chasser v. Achille Lauro Lines*, 844 F.2d 50, 54 (2d Cir. 1988); *United States v. Alcon Labs.*, 636 F.2d 876, 885 n.2 (1st Cir. 1981); *Coastal Steel*, 709 F.2d at 196; *Aetna State Bank*, 430 F.2d at 754.

Taylor's interpretation would hold also that, in thousands of instances, this Court, the Supreme Court, and other federal appellate courts have violated federal law by ruling on appeals without having jurisdiction.  The list of Supreme Court decisions of which that would be true reads like the table of contents from a federal jurisdiction casebook.  It includes seminal decisions like *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), and *Colorado River*, 424 U.S. 800.

Taylor's reading would also render *ultra vires* scores of decisions by this Court, including every decision this Court has rendered reviewing (under 28 U.S.C. § 1291) a district court's decision to abstain from deciding a case under the *Colorado River* doctrine. *E.g.*, *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299 (3d Cir. 2009); *Ryan*, 115 F.3d at 195; *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883 (3d Cir. 1997); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). The same would hold for thousands of other decisions from appellate courts around the country. Quite the improbable achievement for "[o]ne of the most commonly ignored provisions of the Judicial Code," a statute "[t]he most important feature of [which] is certainly its disuse." Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3903 (3d ed.).

## G.     Taylor's reading of Section 2105 is a license to lawlessness.

Perhaps the most glaring issue with Taylor's motion of Section 2105 is that it immunizes all manner of judicial lawlessness. For example, according to Taylor, both of the following decisions would be unreviewable on appeal.

- A district judge prefers not to preside over cases filed on Friday the 13th, so he announces he'll grant any motion to abate a case on that ground. Upon receiving such a motion, he dismisses the case without prejudice to its being re-filed in state court across the country.

- Annoyed that a plaintiff keeps suing him, an habitual lawbreaker moves to dismiss the plaintiff's latest action, just because the plaintiff is "taking up a lot of the court's time." The district judge grants the motion and dismisses the action without prejudice to its being re-filed in a state court across the country.

There's no reason for this Court to endorse a reading that needlessly turns Section 2105 into a safe haven for decisions lacking any basis in law.

*****

Not only is Taylor's attempted expansion of Section 2105 impractical and unwise, it is contradicted by Supreme Court precedent and the plain language of the statute itself.  For those reasons, the motion should be denied.

## II.    This Court's *Coastal Steel* decision forecloses Taylor's motion.

This Court's *Coastal Steele* decision, 709 F.2d 190 (3d Cir. 1983), provides an independently sufficient basis for accepting jurisdiction over this appeal.   In *Coastal Steel*, this Court stated that "the only instance in which section 2105 can properly apply is in an appeal from a final judgment after a trial on the merits," because Section 2105 "was originally intended to apply only to writs of error after a full trial." *Id.* at 196.  Because this matter isn't on appeal from a final judgment after trial on the merits, *Coastal Steel* dictates that Section 2105 cannot apply.

"[T]he holding of a panel in a precedential opinion is binding on subsequent panels," 3d Cir. Internal Operating P. 9.1 (2023), and thus *Coastal Steel* defeats Taylor's motion unless its discussion of Section 2105 was pure dictum. *See Mariana v. Fisher*, 338 F.3d 189, 201 (3d Cir. 2003).  So, as it must, Taylor spends the last part of its motion trying to characterize *Coastal Steel's* discussion of the application of Section 2105 as "dicta," arguing that "the case did not involve a pretrial dismissal

16

for a 'matter[] in abatement,' so the court did not need to decide whether Section 2105 applies only after trial." (Mot. at 8.)

But whether the panel needed to, or shouldn't have, addressed a particular issue isn't the standard for whether the discussion of that issue qualifies as dictum or a holding, because a court is entitled to "choose among different holdings that offer broader or narrower ways of resolving a dispute." *In re McDonald*, 205 F.3d 606, 612 (3d. Cir. 2000). A statement in a judicial opinion qualifies as dictum only if it's truly "peripheral" and "could have been deleted without seriously impairing the analytical foundations of the holding." *Id*.

By that standard, *Coastal Steel*'s discussion of the proper application of Section 2105 plainly isn't dictum. The question there was whether the defendant could obtain appellate review of an order denying a motion to dismiss based on a forum selection clause. *Coastal Steel*, 709 F.2d at 192. In answering that question, this Court considered whether it was reviewable under the collateral order doctrine, including whether it would be "effectively unreviewable on appeal from a final judgment." *Id*. at 195-97. And in answering *that* question, the Court considered whether a party could obtain review of a decision regarding the applicability of a forum selection clause on appeal from a post-trial final judgment. *Id*. at 196. The Court first noted that the issue would escape review if the party asserting the applicability of a forum selection clause prevailed on the merits at trial. *Id*. Next, it

analyzed whether the party asserting applicability could obtain post-judgment review if it lost on the merits. *Id*. It was in this context that the Court addressed Section 2105, and concluded that "the section was originally intended to apply only to writs of error after a full trial, and to prevent post-trial consideration of non-jurisdictional pleas in abatement," so that "[t]he only instance in which section 2105 can properly apply is in an appeal from a final judgment after a trial on the merits." *Id*. Precisely because it determined that "section 2105 would apply to a forum selection clause motion in a post-trial appeal," and would bar appellate review at that juncture, the Court held that an interlocutory appeal of a denial of a motion to enforce a forum selection clause was permitted under the collateral order doctrine. *Id*. at 197.

That *Coastal Steel's* language about the scope and application of Section 2105 is not dictum is confirmed by this Court's discussion of that case in *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 771 (3d Cir. 1984). Taylor's Motion cites *Nascone* only in passing with regard to a general definition of "matters in abatement," but neglects entirely to mention *Nascone's* detailed discussion of the *Coastal Steel* decision. (*See* Mot. at 10-11.) In *Nascone*, this Court had to decide whether a district court order transferring an action based on a forum selection clause is appealable under the collateral order doctrine. *Nascone*, 735 F.2d at 764. In doing so, the panel had to consider the holding in *Coastal Steel* that an order denying a motion to dismiss

based on a forum selection clause is collaterally appealable because it would be effectively unreviewable on appeal from a final judgment. *Id.* Thus, the *Nascone* panel discussed at length the basis for the majority's decision in *Coastal Steel* that "the district's court's order denying the motion to dismiss on grounds of forum non conveniens was appealable because it was a collateral final order." *Id.* at 770.

That discussion shows that *Coastal Steel's* interpretation of the scope and reach of Section 2105, far from being peripheral or unnecessary to the Court's discussion, was actually a "linchpin of the result" and "as much a part of the holding of the case" as anything else:

> The *Coastal* Court had no difficulty in concluding that an order denying a motion to dismiss based on forum non conveniens satisfied the first two steps of the *Coopers & Lybrand* test of collateral finality. In coming to the conclusion that the third step of the test was satisfied by such an order, the Coastal majority ***relied upon*** 28 U.S.C. § 2105 (1976), a statute that the concurring opinion called "obscure and ambiguous." That statute reads: "There shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction." The argument put forth was that, because section 2105 rendered review of such orders impossible on appeal from final judgment, the order was immediately appealable....

> Thus, although the *Coastal* opinion initially hedges with phrases such as "we suppose" and "would seem," it ultimately holds that an order denying a motion to dismiss on grounds of forum non conveniens must be appealable on an interlocutory basis, at least where the validity or reasonableness of a forum selection clause underlies disposition of the order. ***Although it is true that the majority opinion never holds in haec verba that 28 U.S.C. § 2105 bars final review of a forum non conveniens motion, that thesis is the linchpin of the result reached in***

***the case and is as much a part of the holding of that case as anything more explicitly declared.***[4]

*Nascone*, 735 F.2d at 771.  *Nascone* thereby confirms that *Coastal Steel*'s analysis of the reach of Section 2105 was integral to its holding and not mere dicta.  That necessarily includes *Coastal Steel's* conclusion that an order refusing to enforce a forum selection clause qualifies as an appealable collateral order because Section 2105 applies "only to writs of error after a full trial, and [] prevent[s] post-trial consideration of non-jurisdictional pleas in abatement."  *Coastal Steel*, 709 F.2d at 196.  It was precisely the conclusion that "[t]he only instance in which section 2105 can properly apply is in an appeal from a final judgment after a trial on the merits" that compelled this *Coastal Steel* majority to conclude that such application of Section 2105 rendered the order at issue in that case appealable as a collateral order.  *Id.*

Given that a prior panel of this Court has held that Section 2105 bars only post-trial appeals concerning non-jurisdictional decisions on matters in abatement, Taylor's motion to dismiss this appeal from the district court's grant of a pre-trial motion must be rejected.  Taylor's alternative argument, that the majority opinion in *Coastal Steel* was simply "incorrect" or "poorly reasoned," (*see* Mot. at 21-22), is

---

[4] Citing references omitted.

one that could only be addressed by en banc review and does not support Taylor's

Motion to Dismiss.

## **CONCLUSION**

The Court should deny Taylor's Motion to Dismiss.


Date:  December 4, 2023                    Respectfully Submitted,

                                                      */s/ Daniel P. Watkins*
                                                      DANIEL P. WATKINS
                                                      MARK R. THOMSON
                                                      MEIER WATKINS PHILLIPS PUSCH LLP
                                                      919 18th St. NW, Suite 650
                                                      Washington, DC 20006
                                                      Tel: (202) 318-3655
                                                      Daniel.Watkins@mwpp.com
                                                      Mark.Thomson@mwpp.com

                                                      *Attorneys for Plaintiff-Appellant*
                                                      *Kytch, Inc.*

# **CERTIFICATE OF COMPLIANCE**

1.   Type Volume

This document complies with type-volume limits of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f) (cover page, corporate disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, proof of service, attachments), this document contains 4,884 words.

2.   Typeface and Type-Style

This document complies with the typeface requirements of FRAP 32(a)(5)(A) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.   Virus check

I certify that the electronically filed PDF has been scanned for viruses using VirusTotal, version 3.


*/s/ Daniel P. Watkins*
Daniel P. Watkins
*Attorney for Plaintiff-Appellant Kytch, Inc.*

Dated:  December 4, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Plaintiff-Appellant Kytch, Inc.'s Opposition to Defendant-Appellee Taylor Commercial Foodservice, LLC's Motion to Dismiss was filed with the Clerk of the Court using the Court's CM/ECF system on December 4, 2023, which will send notification of such filing to all counsel of record.


Dated:  December 4, 2023                    By:     */s/ Daniel P. Watkins*
                                                    Daniel P. Watkins