No. 23-1810

In the
# United States Court of Appeals
## for the Third Circuit

KYTCH, INC.,

*Plaintiff-Appellant,*

v.

TAYLOR COMMERCIAL FOODSERVICE, LLC,
DBA TAYLOR COMPANY,

*Defendant-Appellee,*

On Appeal from the
United States District Court for the District of Delaware
Hon. Maryellen Noreika, District Judge, Presiding

**TAYLOR COMMERCIAL FOODSERVICE, LLC'S
REPLY IN SUPPORT OF THE MOTION TO DISMISS**

Edward B. Micheletti
Sarah Runnells Martin
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
920 N. King St.
Wilmington, DE 19801

Raza Rasheed
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Shay Dvoretzky
Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com
parker.rider-longmaid@skadden.com

*Counsel for Defendant-Appellee Taylor Commercial Foodservice, LLC,
DBA Taylor Company*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................... 1

ARGUMENT ........................................................................................ 2

    A.    Section 2105 bars this appeal. ......................................... 2

        1.    The district court's dismissal was a "matter[] in abatement" that did not "involve jurisdiction." ................. 2

        2.    Kytch's counterarguments lack merit. ................................. 2

    B.    *Coastal Steel* does not permit Kytch's appeal. ............................. 11

CONCLUSION ................................................................................... 13

CERTIFICATE OF COMPLIANCE ................................................. 14

CERTIFICATE OF SERVICE .......................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adamowski v. Bard,*
   193 F.2d 578 (3d Cir. 1952) ...............................................................6, 7

*Aetna State Bank v. Altheimer,*
   430 F.2d 750 (7th Cir. 1970) ...................................................................9

*Chico Service Station, Inc. v. Sol Puerto Rico Ltd.,*
   633 F.3d 20 (1st Cir. 2011) ......................................................................5

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,*
   709 F.2d 190 (3d Cir. 1983) ................................................... 11, 12, 13

*Freytag v. Commissioner,*
   501 U.S. 868 (1991) ...................................................................................4

*Genesis Healthcare Corp. v. Symczyk,*
   569 U.S. 66 (2013) .....................................................................................8

*Goldey v. Morning News,*
   156 U.S. 518 (1895) ...................................................................................6

*Harris County Commissioners Court v. Moore,*
   420 U.S. 77 (1975) ..................................................................................10

*Hi Tech Trans, LLC v. New Jersey,*
   382 F.3d 295 (3d Cir. 2004) .................................................................10

*Hyman v. City of Gastonia,*
   466 F.3d 284 (4th Cir. 2006) ..................................................................4

*Nascone v. Spudnuts, Inc.,*
   735 F.2d 763 (3d Cir. 1984) .................................................................12

*Piquignot v. Pennsylvania Railroad Co.,*
   57 U.S. 104 (1853) ............................................................................ 12, 13

*Shendock v. Director,*
   893 F.2d 1458 (3d Cir. 1990) (en banc) .............................................9

*Snyder v. Buck,*
   340 U.S. 15 (1950) .....................................................................................8

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*United States v. L. A. Tucker Truck Lines, Inc.*,
  344 U.S. 33 (1952) ....................................................................... 10, 11

*Valansi v. Ashcroft*,
  278 F.3d 203 (3d Cir. 2002) ................................................................3

*Walton v. Eaton Corp.*,
  563 F.2d 66 (3d Cir. 1977) (en banc) ..................................................5

### CONSTITUTION AND STATUTES

U.S. Const. art. III .....................................................................................9

28 U.S.C. § 1447(d) .................................................................................11

28 U.S.C. § 2105 ............................................................................. 1, 2, 3, 4,
  ......................................................................................... 5, 6, 7, 8, 9,
  ...................................................................................... 10, 11, 12, 13

Judiciary Act of 1789 § 22, 1 Stat. 73
  84-85 (Sept. 24, 1789) ........................................................................6

### OTHER AUTHORITIES

Black's Law Dictionary (11th ed. 2019) .................................................3

Reviser's Notes to 28 U.S.C. § 2105 (1948) .......................................6, 7

## INTRODUCTION

This Court lacks jurisdiction over this appeal. Under 28 U.S.C. § 2105, this Court lacks jurisdiction to review district court rulings on "matters in abatement" that "do not involve jurisdiction." Supreme Court precedent makes clear—and Kytch does not contest—that the district court's dismissal of Kytch's complaint for claim splitting is a matter in abatement. Mot. 14-18 (Doc. 22). And that dismissal did not involve jurisdiction because it was not based on any defect in the court's power to the hear the case. Mot. 18. Under § 2105's plain text, the Court should dismiss the appeal.

Kytch's main response is that the dismissal "involve[d] jurisdiction" because the court did not reach the merits of Kytch's claim. Opp. 6-7 (Doc. 31). But that rationale doesn't just flout § 2105's text; it also would nullify the statute, because *all* abatements result in pretrial dismissal. Kytch's arguments misconstrue the district court's ruling, the meanings of abatement and abstention, and decades of caselaw. And Kytch's parade of horribles is based on a fundamental misunderstanding of the decisions § 2105 covers. Kytch has offered no valid reason to ignore § 2105's limitations on appellate jurisdiction, and there isn't one. The Court should dismiss this appeal.

# ARGUMENT

**A.    Section 2105 bars this appeal.**

**1.    The district court's dismissal was a "matter[] in abatement" that did not "involve jurisdiction."**

Section 2105 strips appellate courts of jurisdiction to review "matters in abatement which do not involve jurisdiction." 28 U.S.C. § 2105. "Matters in abatement" are those defenses based on correctable procedural defects that, at common law, defendants could raise through a plea in abatement. Mot. 9-12. Such matters "involve jurisdiction" when they are based on personal or subject matter jurisdiction. Mot. 13.

The district court dismissed Kytch's complaint because Kytch split its factually identical claims against Taylor between this case and a separate California state court action. Mot. 6. That dismissal was equivalent to sustaining a common law "plea of another action pending," which the Supreme Court has held is a "matter in abatement." Mot. 14, 17-18. And the dismissal was not based on lack of personal or subject matter jurisdiction. Mot. 18. This Court thus lacks jurisdiction to hear Kytch's appeal.

**2.    Kytch's counterarguments lack merit.**

Kytch does not dispute that the district court's dismissal was a "matter[] in abatement" covered by § 2105. Instead, Kytch tries to show that this

case fits into § 2105's carveout preserving appellate review for abatements that "involve jurisdiction." Kytch's arguments fail.

a.    Kytch contends that (1) the district court "abstained" from exercising its jurisdiction by not resolving Kytch's claims on the merits; and (2) "abstention inherently involves jurisdiction" because it's "about surrender[ing] jurisdiction" to another court. Opp. 6-7 (alteration in original). That argument is inconsistent with § 2105's text, mischaracterizes the district court's decision, and contradicts decades of caselaw.

i.    Start with the statute's text. Although Kytch never defines the phrase "involve jurisdiction," its argument assumes that the term is broad enough to encompass any decision "declin[ing] to exercise" a court's "jurisdiction" to reach the merits. Opp. 6 (alteration in original). That's wrong. "The word 'involves,'" this Court has explained, "means 'to have within or as part of itself' or 'to require as a necessary accompaniment.'" *Valansi v. Ashcroft*, 278 F.3d 203, 209-10 (3d Cir. 2002). And Kytch does not dispute that the word "jurisdiction" refers to a "court's power to decide a case." *Jurisdiction (2)*, Black's Law Dictionary (11th ed. 2019). So an abatement "involve[s] jurisdiction" when the "court's power to decide a case" was "within or as

- 3 -

part of" or "necessar[il]y accompan[ied]" the decision—in other words, when the court determines it lacks the power to hear the case. Mot. 13.

Basic principles of statutory interpretation confirm that the word "involve" in § 2105 is not as expansive as Kytch assumes. The Supreme Court has cautioned against "interpret[ing] a statutory provision so as to render superfluous other provisions in the same enactment." *Freytag v. Commissioner*, 501 U.S. 868, 877 (1991). Accepting Kytch's argument that § 2105 permits review of every decision "deciding not to exercise [the district court]'s jurisdiction" to reach the merits, the Fourth Circuit has explained, "would 'swallow[] the entire rule' because 'all matters of abatement … involve the same basic question whether the court should presently exercise its jurisdiction.'" *Hyman v. City of Gastonia*, 466 F.3d 284, 289 (4th Cir. 2006) (alterations in original). Put another way, Kytch's untenable premise seems to be (because Kytch doesn't say) that *every* decision "involve[s] jurisdiction" because a court always has or doesn't has, and exercises or doesn't exercise, jurisdiction. That view makes the term meaningless. By contrast, enforcing § 2105's plain meaning—that the statute saves jurisdiction to review only those abatements based on the lack of court's power to decide the case— gives effect to the entire statute.

*ii.*    Kytch's argument also misconstrues what the district court actually decided. Kytch asserts, without analysis, that the district court "abstained" from exercising its jurisdiction. Opp. 6. Kytch then reasons that because abstention decisions "inherently involve[] jurisdiction," § 2105 does not bar this Court's review. *Id.* But the district court's dismissal for claim splitting was not an "abstention," and so it does not matter whether § 2105 permits review of abstentions. "Abstention" occurs when a court declines to adjudicate a procedurally valid claim based on prudential considerations. *E.g.*, *Chico Service Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 31 (1st Cir. 2011) (noting that "[a]bstention is … a prudential mechanism"). But courts dismiss complaints for claim splitting, in contrast, because a plaintiff has "no right to maintain two separate actions involving the same subject matter." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc). Put simply, when a court abstains, it declines to exercise its jurisdiction, whereas when a court dismisses for splitting, it exercises its jurisdiction to dismiss a case based on a procedural defect. Because the district court here dismissed for claim splitting, Kytch's arguments about abstention miss the mark.

*iii.*    Kytch's interpretation of "involve jurisdiction" also contradicts decades of federal case law refusing to review dismissals for claim splitting,

Mot. 15-18, and construing § 2105 as preserving jurisdiction only for abatements based on a lack of personal or subject matter jurisdiction, Mot. 13. Kytch three responses to the caselaw all fail.

*First*, Kytch argues that early decisions construing § 2105's predecessors do not matter because the words "involve jurisdiction" were added to the statute in 1948. From 1875 to 1948, the statute barred review of abatement decisions "other than a plea to the jurisdiction of the court"; before that, § 22 of the Judiciary Act of 1789 was understood to preserve jurisdiction to review abatements concerning "any question of the jurisdiction of the court below." *Goldey v. Morning News*, 156 U.S. 518, 520 (1895). But Kytch's argument assumes that the words "involve jurisdiction" refer to something broader than abatements based on lack of personal or subject matter jurisdiction, contrary to the text's plain meaning. *Supra* pp. 3-4.

Kytch tries to exploit the wording changes, but there's a simple explanation: Congress changed the phrase "plea to the jurisdiction" in the prior version of § 2105 to "involve jurisdiction" in the current statute to account for the Federal Rules of Civil Procedure's "substitut[ion]" of "pleas" for "motions" in 1938. *See* Reviser's Notes to 28 U.S.C. § 2105 (1948). But the change in vocabulary or "phraseology," *id.*, shows "no intent on the part of

Congress to effect any change" of the statute's "meaning," *Adamowski v. Bard*, 193 F.2d 578, 581 (3d Cir. 1952). Although Kytch notes that the Supreme Court has sometimes disagreed with the 1948 Reviser's Notes (Opp. 10-11), the plain meaning of "involve jurisdiction" confirms that Congress's 1948 phrasing changes did not alter § 2105's substantive meaning. *Supra* pp. 3-4. The Federal Rules no longer contemplate "pleas to the jurisdiction" of a court, so "involve jurisdiction" now covers the same issues about lack of jurisdiction that parties would have raised by plea at common law—not everything under the sun.

*Second*, Kytch argues (Opp. 12) that the post-1948 decisions applying § 2105 to preclude review of claim splitting decisions are distinguishable because they cases involved plaintiffs who split their claims between two federal lawsuits, rather than state and federal suits. That makes no sense. Nothing in § 2105's text or the decisions interpreting it supports treating abatements differently based on where the claim splitting occurred. Whether the plaintiff split claims between federal courts, or federal and state courts, the dismissal is not based on the court's lack of power to hear the case, and thus does not "involve jurisdiction." *Supra* pp. 3-4.

*Third*, Kytch argues that the Supreme Court and Seventh Circuit have adopted Kytch's interpretation of "involve jurisdiction." Not so.

In *Snyder v. Buck*, 340 U.S. 15, 16 (1950), a widow sued the Navy's paymaster and won a judgment ordering the paymaster to cause the Navy to pay her a pension. While the case was on appeal, however, the paymaster retired. *See id.* At the time, a federal statute required the widow to move to substitute in the paymaster's successor within six months of the paymaster's retirement. *See id.* at 16-17. When the widow failed to do so, the D.C. Circuit abated the suit. *See id.* at 21. The Supreme Court affirmed, holding that the suit became moot because the retired paymaster no longer had the authority to execute the judgment, and the widow could not substitute in the new paymaster. *See id.* Against this backdrop, the Court observed that § 2105 did not apply because the "absence of a necessary party and the statutory barrier to substitution go to jurisdiction." *Id.* at 22. That makes sense, because moot cases are not justiciable, so federal courts lack subject matter jurisdiction to hear them. *E.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013). *Snyder* thus held that § 2105 permits federal courts to review abatements based on the Court's lack of power to decide the case—not that courts can review any decision not to reach the merits.

*Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir. 1970), also doesn't help Kytch. There, the Seventh Circuit held that the district court's dismissal of a securities fraud suit was not an abatement covered by § 2105 because (1) abatements concern correctable procedural defects; and (2) the federal securities laws provide for exclusive federal court jurisdiction, so the plaintiff could not correct the defect by refiling its federal claim in an earlier-filed state court suit. *See id.* at 754. In dicta, the court speculated that the dismissal might also involve jurisdiction, but noted that it was "not necessary to decide the question" in light of the court's other holdings. *Id.* at 753.

**b.**    Unable to show any basis for this Court's jurisdiction in § 2105's text or the caselaw, Kytch resorts (Opp. 14-16) to policy arguments. But the Constitution gives Congress the sole power to set the federal courts' appellate jurisdiction, U.S. Const. art. III, § 2, and "the courts of appeals … are without power to ignore Congress's plain intent to build a jurisdictional limitation into a grant of judicial power," *Shendock v. Director*, 893 F.2d 1458, 1460 n.2 (3d Cir. 1990) (en banc). Thus, Kytch's policy arguments could never justify asserting jurisdiction Congress has withheld. Worse still, those arguments don't make sense on their own terms.

*i.*    Kytch first argues (Opp. 14-15) that enforcing § 2105 here would contradict past decisions reviewing abstention determinations. But § 2105 does not bar review of abstention decisions, because abstention decisions are not "matters in abatement"—an issue Kytch entirely ignores. "Matters in abatement" include only those defenses that would have been raised by a plea in abatement at common law. Mot. 9-12. The abstention doctrines Kytch mentions, in contrast, were created by the Supreme Court after pleas in abatement passed out of federal practice in 1938, as the dates of the decisions giving those doctrines their name show. *See* Opp. 14 (decisions from 1943, 1971, 1976, and 1981). "Abstention is a judicially created doctrine," *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004), and the creation occurred well after § 2105 codified the common law forms of abatement, *see id.* (citing decisions); *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 89 (1975) (Douglas, J., dissenting) (noting that the "principle of abstention" was "judicially created" by the Supreme Court in 1941).

Even if § 2105 did reach abstention, that would not change the result. None of the decisions Kytch cites mention § 2105, and courts are not "bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio.*" *United States v. L. A. Tucker Truck Lines, Inc.*, 344

U.S. 33, 38 & n.9 (1952). What matters is whether § 2105 applies *here*, not whether § 2105 could have applied in cases in which it wasn't considered.

  *ii.* Kytch next argues (Opp. 15-16) that enforcing § 2105 would enable district courts to engage in widespread "lawlessness." That's quite an assertion about the federal bench, and it's not a view Congress shares. Just consider 28 U.S.C. § 1447(d), which bars review of certain orders remanding removed cases to state court. Lawlessness hasn't ensued.

  Moreover, Kytch's argument misunderstands § 2105. If a district court dismissed "cases filed on Friday the 13th," or cases that "tak[e] up a lot of the court's time," Opp. 15, those decisions wouldn't be "ruling[s] upon matters in abatement" because they are not based on procedural defects that were raised through a plea in abatement at common law. Mot. 9-12. Section 2105 thus would pose no barrier to reversal.

  **B.** ***Coastal Steel* does not permit Kytch's appeal.**

  Finally, Kytch points (Opp. 16-21) to the statement in *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 196 (3d Cir. 1983), that the "only instance in which section 2105 can properly apply is in an appeal from a final judgment after a trial on the merits." But that statement is dictum. Mot. 20-

21. In *Coastal Steel*, while assessing its jurisdiction over an interlocutory appeal, the Court considered whether an order denying a motion to dismiss based on a forum selection clause could be reviewed in a posttrial appeal. *See* 709 F.2d at 196-97. The Court held that the answer was "no," because § 2105 would bar review. *Id.* That conclusion met the collateral order doctrine's requirement that the appealed order be effectively unreviewable post-judgment, so the Court had no occasion to consider whether § 2105 would have applied if the district court had granted the defendant's motion to dismiss before trial. Mot. 20-21. Stated otherwise, the court "could have … deleted" the sentence Kytch relies on "without seriously impairing the analytical foundations of the holding," Opp. 17, confirming that it's dictum.

*Nascone v. Spudnuts, Inc.*, 735 F.2d 763 (3d Cir. 1984), doesn't say otherwise. *Nascone* confirmed that *Coastal Steel*'s held that "§ 2105 bars final review of a forum non conveniens motion." *Id.* at 771. It did not say *Coastal Steel* held that § 2105 applies only after a trial on the merits.

Kytch doesn't even try to argue that *Coastal Steel*'s dictum was correct. It's not, because it conflicts with *Piquignot v. Pennsylvania Railroad Co.*, 57 U.S. 104, 105 (1853), where the Supreme Court applied § 2105's precursor to bar

review of a pretrial abatement for claim splitting. *Piquignot*, not *Coastal Steel*'s

poorly reasoned dictum, is the precedent to follow.

## CONCLUSION

The Court should dismiss Kytch's appeal for lack of jurisdiction.

Dated: December 11, 2023

Respectfully submitted,

*/s/ Parker Rider-Longmaid*

Edward B. Micheletti
Sarah Runnells Martin
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
920 N. King St.
Wilmington, DE 19801

Raza Rasheed
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Shay Dvoretzky
Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com
parker.rider-longmaid@skadden.com

*Counsel for Defendant-Appellee Taylor Commercial Foodservice, LLC,
DBA Taylor Company*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that (1) this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because, as calculated by Microsoft Word, it contains 2,597 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 32(f), and (2) this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: December 11, 2023                    Respectfully submitted,

*/s/ Parker Rider-Longmaid*
Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
parker.rider-longmaid@skadden.com

*Counsel for Defendant-Appellee*
 *Taylor Commercial Foodservice, LLC,*
  *DBA Taylor Company*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b) and Circuit Rule 25(f), I hereby certify that on December 11, 2023, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the CM/ECF system will accomplish service.

Dated: December 11, 2023

Respectfully submitted,

*/s/ Parker Rider-Longmaid*
Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
parker.rider-longmaid@skadden.com

*Counsel for Defendant-Appellee*
  *Taylor Commercial Foodservice, LLC,*
  *DBA Taylor Company*